# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| GEORGE YESKE, et al., <br>           Plaintiffs, <br> vs. <br> ALEX BENDETOV, <br>           Defendant. | Case No. 2:15-cv-01513-GMN-NJK <br><br> ORDER DENYING MOTIONS TO COMPEL <br><br> (Docket Nos. 27, 28, 29) |

      Pending before the Court are Plaintiff's Motions to Compel Discovery. Docket Nos. 27, 28, 29. The Court finds that each motion has a threshold defect that requires that they be **DENIED** without prejudice as discussed more fully below.

      The Court's initial inquiry regarding a motion to compel is whether the movant made adequate meet and confer efforts. Federal Rule of Civil Procedure 37(a)(2)(B) requires that a "party bringing a motion to compel discovery must include with the motion a certification that the movant has in good faith conferred or attempted to confer with the nonresponsive party." Similarly, Local Rule 26-7(b) provides that "[d]iscovery motions will not be considered unless a statement of the movant is attached thereto certifying that, after personal consultation and sincere effort to do so, the parties have not been able to resolve the matter without Court action."

      Judges in this District have previously held that "personal consultation" means the movant must "personally engage in two-way communication with the nonresponding party to meaningfully discuss each contested discovery dispute in a genuine effort to avoid judicial intervention." *ShuffleMaster, Inc. v. Progressive Games, Inc.*, 170 F.R.D. 166, 171 (D. Nev. 1996). The consultation obligation "promote[s] a frank exchange between counsel to resolve issues by agreement or to at least narrow and

focus matters in controversy before judicial resolution is sought." *Nevada Power v. Monsanto*, 151 F.R.D. 118, 120 (D.Nev.1993). To meet this obligation, parties must "treat the informal negotiation process as a substitute for, and not simply a formal prerequisite to, judicial review of discovery disputes." *Id*. This is done when the parties "present to each other the merits of their respective positions with the same candor, specificity, and support during the informal negotiations as during the briefing of discovery motions." *Id*. To ensure that parties comply with these requirements, movants must file certifications that "accurately and *specifically* convey to the court who, where, how, and when the respective parties attempted to personally resolve the discovery dispute." *ShuffleMaster*, 170 F.R.D. at 170 (emphasis added). The Court may look beyond the certification made to determine whether a sufficient meet-and-confer actually took place. *See, e.g.*, *F.D.I.C. v. 26 Flamingo, LLC*, 2013 WL 2558219, *1 (D. Nev. June 10, 2013) (quoting *De Leon v. CIT Small Business Lending Corp.*, 2013 WL 1907786 (D. Nev. May 7, 2013)).

Plaintiff provides no certification at all regarding meet and confer efforts. *See* Docket Nos. 27, 28, 29. Plaintiff instead provides the Court with a letter from Defendant's counsel on one of the motions, as well as counsel's written objections. Docket No. 27 at 5-8. The letter from counsel specifically advises Plaintiff that a meet and confer between the parties must occur "if you plan on proceeding." *Id*. at 6. Plaintiff provides nothing regarding any communication whatsoever with anyone regarding the second two motions to compel. *See* Docket Nos. 28, 29. Plaintiff has, therefore, failed to meet his requirement to "accurately and specifically convey to the court who, where, how, and when the respective parties attempted to personally resolve the discovery dispute." *ShuffleMaster*, 170 F.R.D. at 170.

Accordingly, for the reasons stated above, Plaintiff's motions to compel discovery (Docket Nos. 27, 28, 29) are hereby **DENIED** without prejudice.

IT IS SO ORDERED.

DATED: March 2, 2016.

_____
NANCY J. KOPPE
United States Magistrate Judge

2