# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| GEORGE YESKE, et al., | Case No. 2:15-cv-01513-GMN-NJK |
| Plaintiffs, | |
| vs. | ORDER DENYING MOTIONS TO COMPEL |
| ALEX BENDETOV, | (Docket Nos. 31, 32, 33) |
| Defendant. | |

Pending before the Court are Plaintiff's Motions to Compel Discovery. Docket Nos. 31, 32, 33. The Court finds that each motion has threshold defects that require that they be **DENIED** without prejudice as discussed more fully below.

## I. MEET AND CONFER REQUIREMENT

The initial inquiry with any motion to compel is whether the moving party made adequate meet and confer efforts. Federal Rule of Civil Procedure 37(a)(2)(B)[1] requires that a "party bringing a motion to compel discovery must include with the motion a certification that the movant has in good faith conferred or attempted to confer with the nonresponsive party." Similarly, Local Rule 26-7(b) provides that "[d]iscovery motions will not be considered unless a statement of the movant is attached thereto certifying that, after personal consultation and sincere effort to do so, the parties have not been able to resolve the matter without Court action." Local Rule 26-7. This requirement serves an important policy. It operates "to lessen the burden on the court and reduce the unnecessary expenditure of

---

[1] References hereinafter to "Rule" are to the Federal Rules of Civil Procedure unless otherwise noted.

resources by litigants, through the promotion of informal, extrajudicial resolution of discovery disputes." *Nevada Power v. Monsanto*, 151 F.R.D. 118, 120 (D. Nev. 1993). In order to serve this purpose, the parties must "treat the informal negotiation process as a substitute for, and not simply a formal prerequisite to, judicial review of discovery disputes." *Id*. Accordingly, it applies equally to discovery sought from parties and nonparties alike. *Nelson v. Willden*, 2014 WL 4471628, at *2 (D. Nev. Sept. 10, 2014).

There are two prongs to the meet and confer requirement. First, the moving party must submit a certification which "accurately and specifically conveys to the court" the substance of the consultation. *ShuffleMaster, Inc. V. Progressive Games, Inc*., 170 F.R.D. 166, 171 (D. Nev. 1996). This certification must "specify who, when, or how the parties attempted to personally and meaningfully discuss the discovery dispute." *Id*. at 172. Second, the "party must in good faith confer or attempt to confer with the nonresponsive party regarding the discovery dispute." *Id*. at 171. This means the movant must "personally engage in two-way communication with the non-responding party to meaningfully discuss each contested discovery dispute in a genuine effort to avoid judicial intervention." *Id*.

Here, in an effort to satisfy the meet and confer requirement, Plaintiff has provided the Court with letters exchanged between him, Defendant's counsel, Wendy Williams, and James Eagan. *See* Docket Nos. 31 at 6; 32 at 6; 33 at 6. The Court will give Plaintiff the benefit of the doubt and assume that these letters were sent on the date indicated to the correct addresses.[2] The mere exchange of letters, however, does not satisfy the personal consultation requirement. *See ShuffleMaster*, 170 F.R.D. at 172. Plaintiff also represents that he "made attempts to call" Defendant's attorney, Wendy Williams, and James Eagan. *See,e.g.*, Docket Nos. 31 at 4; 32 at 4; 33 at 4. The certification attached to Plaintiff's motion, however, fails to detail the "who, when, or how" he attempted to personally and meaningfully discuss the discovery dispute. *See ShuffleMaster*, 170 F.R.D. at 172. It does not detail when he called, how many times he called, or method he used to ensure that the parties would be able to meaningfully discuss each contested discovery dispute in a genuine effort to avoid judicial intervention.

---

[2] Where a party is proceeding *pro se*, the Court must "construe the pleadings liberally and to afford the [party] the benefit of any doubt." *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (citing *Bretz v. Kelman,* 773 F.2d 1026, 1027 n. 1 (9th Cir.1985) (en banc)).

Consequently, the Court finds that Plaintiff did not comply with Local Rule 26–7(b)'s personal consultation requirement prior to bringing these motions.

## II.    FULL TEXT REQUIREMENT

Discovery motions are governed by Local Rule 26–7(a), which requires "all motions to compel discovery [to] set forth in full the text of the discovery originally sought and the response thereto, if any." Without the complete text of the requests and responses, "[t]he Court cannot determine that particular responses . . . are improper." *Allstate Ins. Co. v. Balle*, 2013 WL 5323968, at *4 (D. Nev. Sept. 20, 2013); *Agarwal v. Oregon Mut. Ins. Co.*, 2013 WL 211093, at *3 (D. Nev. Jan. 18, 2013) (denying motion to compel, in part, for failure to comply with 26-7(a) because "judges are not like pigs, hunting for truffles buried in briefs"). "Practically speaking, the failure to comply with [Local Rule] 26–7(a) improperly shifts the burden to the Court to sift through and root for issues that should be clear on the face of a discovery motion." *Taylor v. Aria Resort & Casino, LLC*, 2013 WL 2355462, at *4 (D. Nev. May 29, 2013).

Although Plaintiff represents that "a copy of said subpoena is attached hereto[,]" no discovery requests are attached to Plaintiff's motions. *See, e.g.*, Docket No. 31 at 1. Without the complete text of the requests, the Court cannot determine whether the requests and responses to them are improper. The Court, for instance, cannot inquire into whether the subpoenas comply with Rule 45(a)(3), which requires the Clerk of Court to issue a subpoena, signed but otherwise in blank, to a party who is not an attorney authorized to practice before the Court. Nor can it ascertain if the subpoenas were properly served. Further, as to the subpoena directed at Defendant Bendetov, the Court cannot determine whether Plaintiff is attempting to use Rule 45 to circumvent Rule 34, the usual method of requesting documents from an opposing party in the discovery process. *United States v. 2121 Celeste Rd. SW, Albuquerque, N.M.*, 307 F.R.D. 572, 588 (D.N.M. 2015) ("a subpoena may be served on another party so long as it is not used to circumvent [R]ule 34 or the other discovery rules"). Plaintiff's failure to satisfy Local Rule 26-7(a) obfuscates important substantive issues, and therefore, the Court denies his motions on this additional basis.

//

//

3

Plaintiff is advised that, although he is proceeding in this matter *pro se*, he must fully comply with the Federal Rules of Civil Procedure and the Local Rules. *See Banks v. Joyce*, 2014 WL 7330938, at *1 (D. Nev. Dec. 19, 2014) (telling *pro se* plaintiff to carefully read the same). Accordingly, for the reasons stated above, Plaintiff's motions to compel discovery (Docket Nos. 31, 32, 33) are hereby **DENIED** without prejudice.

IT IS SO ORDERED.

DATED: March 28, 2016.

_____
NANCY J. KOPPE
United States Magistrate Judge