UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

George Yeske; Felecitas Yeske,

    Plaintiffs,

  vs.

Alex Bendetov,

    Defendant.

Case No.: 2:15-cv-1513-GMN-NJK

**ORDER**

Pending before the Court is Defendant Alex Bendetov's Motion to Dismiss. (ECF No. 4). *Pro se* Plaintiffs George Yeske and Felecitas Yeske responded in opposition, (ECF Nos. 6, 10),[1] and Defendant replied, (ECF No. 7). For the reasons stated herein, the Court will grant Defendant's Motion and dismiss this case for lack of subject matter jurisdiction.[2]

**I.  BACKGROUND**

This action centers upon allegations that Defendant breached a contract allowing Plaintiffs to purchase the property located at 6662 Cinnabar Coast Lane, Las Vegas, Nevada, 89084 (the "Property). (Compl., ECF No. 1)

Specifically, Plaintiffs claim that they entered into an agreement with Defendant on February 28, 2013, to lease the Property, with an option to purchase the Property at any time until February 28, 2015. (*Id.* ¶ 1). Plaintiffs allege that they paid $3,000 to

---

[1] In light of Plaintiffs' status as *pro se* litigants, the Court has liberally construed their filings, holding them to standards less stringent than formal pleadings drafted by attorneys. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

[2] Defendant also filed a Motion to Strike, (ECF No. 12), arguing that the Court should decline to consider Plaintiffs' Second Response, (ECF No. 10), because it was filed without leave from the Court. However, as the contents of this filing do not alter the Court's decision to dismiss this case, the Motion to Strike will be denied as moot.

Defendant when the lease was executed as consideration for the option to purchase the property, and also that $250 of each monthly lease payment was to be applied to the purchase of the property if they chose to exercise their option. (*Id.* ¶ 15).

Plaintiffs claim that in June 2014, they planned to exercise their option and purchase the Property. (*Id.* ¶ 11). In this pursuit, Plaintiffs allegedly deposited $14,000 in escrow funds to supplement the $8,500 credit they accrued through their lease payments and the original option fee. (*Id.* ¶ 13). Plaintiffs allege that Defendant then refused to answer their communications, "attempted to collect extortionary rents while escrow was in progress," and wrongfully initiated eviction proceedings against Plaintiffs. (*Id.* ¶¶ 5, 8). As a result, Plaintiffs were unable to exercise their option to purchase the Property, and allegedly incurred over $7,200 in expenses and lost income. (*Id.* ¶ 23).

Based on these allegations, the Complaint sets forth claims for (1) racketeering in violation of Nev. Rev. Stat § 207.400; (2) deceptive sales practices in violation of Nev. Rev. Stat. § 207.171; (3) mortgage fraud in violation of Nev. Rev. Stat. §§ 205.372 and 205.395; and (4) wire fraud in violation of 18 U.S.C. § 1343. (*Id.* 2:10-13:23).

In the instant Motion, Defendant argues that the Complaint should be dismissed for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1).

## II.   LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(1) provides for dismissal of an action for lack of subject matter jurisdiction. "A party invoking the federal court's jurisdiction has the burden of proving the actual existence of subject matter jurisdiction." *Thompson v. McCombe*, 99 F.3d 352, 353 (9th Cir. 1996). A motion to dismiss for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) may take one of two forms. *Thornhill Publ'g Co. v. General Tel. & Elec. Corp.*, 594 F.2d 730, 733 (9th Cir. 1979). It may be a

1  "facial" challenge or it may be a "factual" challenge. *Id.* "In a facial attack, the
2  challenger asserts that the allegations contained in a complaint are insufficient on their
3  face to invoke federal jurisdiction." *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039
4  (9th Cir. 2004).
5      Alternatively, "A factual challenge relies on affidavits or any other evidence
6  properly before the court to contest the truth of the complaint's allegations." *Courthouse*
7  *News Serv. v. Planet*, 750 F.3d 776, 780 (9th Cir. 2014). When a factual challenge is
8  asserted, the Court need not presume the truthfulness of the allegations in the complaint.
9  *See Meyer*, 373 F.3d at 1039; *White v. Lee*, 227 F.3d 1214, 1242 (9th Cir. 2000). "Once
10 the moving party has converted the motion to dismiss into a factual motion by presenting
11 affidavits or other evidence properly brought before the court, the party opposing the
12 motion must furnish affidavits or other evidence necessary to satisfy its burden of
13 establishing subject matter jurisdiction." *Savage v. Glendale Union High Sch.*, 343 F.3d
14 1036, 1040 (9th Cir. 2003).
15     A United States district court may exercise jurisdiction over a case in which a
16 Plaintiff's complaint asserts a cause of action that was created by federal law, or where a
17 "plaintiff's right to relief necessarily depends on a resolution of a substantial question of
18 federal law." *Easton v. Crossland Mortgage Corp.*, 114 F.3d 979, 982 (9th Cir. 1997).
19 Additionally, "[d]istrict courts have jurisdiction in civil actions where there is complete
20 diversity of citizenship among the parties and the amount in controversy exceeds
21 $75,000, exclusive of interest and costs." *See Crum v. Circus Circus Enterprises*, 231
22 F.3d 1129, 1131 (9th Cir. 2000) (citing 28 U.S.C. § 1332(a)). "To justify dismissal, it
23 must appear to a legal certainty that the claim is really for less than the jurisdictional
24 amount." *Budget Rent-A-Car, Inc. v. Higashiguchi*, 109 F.3d 1471, 1473 (9th Cir. 1997)
25 (citing *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 289 (1938)).

## III. ANALYSIS

In his Motion to Dismiss, Defendant argues that the Court lacks subject matter jurisdiction over this case because Plaintiffs fail to assert any causes of action that exist under federal law, and the amount in controversy does not exceed $75,000. Indeed, though the Complaint purports to state a claim for wire fraud arising under 18 U.S.C. § 1343, it is well established that this is a criminal provision that does not give rise to a private cause of action. *See, e.g.*, *Kingsley v. Ashworth*, 139 F.3d 905 (9th Cir. 1998). Therefore the Court cannot exercise federal question jurisdiction over this case.

Furthermore, it is apparent that the Court lacks diversity jurisdiction over this case because the Complaint and supporting documentation do not show that the amount in controversy exceeds $75,000. Plaintiffs allege that they deposited $14,000 into escrow while attempting to purchase the property, accrued an $8,500 credit through their lease payments and option fee, and incurred $7,200 in losses and expenses as a result of the eviction proceedings. In total, these amounts add up to $29,700,[3] falling far short of the $75,000 threshold.[4] Accordingly, the Court finds that Plaintiffs have failed to show that the amount-in-controversy requirement is satisfied, and therefore this case must be dismissed for lack of subject matter jurisdiction.[5]

---

[3] In their Complaint, Plaintiffs summarily request that the Court "impose treble damages as allowed by Nevada Statute." (Compl. p. 13). Though Nevada law provides that a plaintiff may recover treble damages based upon a successful racketeering claim, *see* Nev. Rev. Stat. § 207.470(1), Plaintiffs in this case have failed to allege that Defendant has committed requisite racketeering crimes that could give rise to an award of treble damages. Therefore, Plaintiff has failed to show that an award of treble damages could be warranted in this case, and the Court must consider only $29,700 as the amount in controversy.

[4] In their Second Response, Plaintiffs claim that the amount-in-controversy requirement is satisfied because the Property at issue had an appraised value of $103,000. (Pls.' 2nd Resp. ¶ 2). However, none of Plaintiffs' claims in this case assert that Plaintiffs should be granted title to the Property itself. Instead Plaintiffs allege only that they were denied the opportunity to exercise their option to purchase the Property. Thus, the value of the Property cannot be properly considered as part of the amount in controversy.

[5] Because Plaintiffs have failed to carry their burden as to the amount in controversy, the Court need not determine whether complete diversity exists between Plaintiffs and Defendant.

## CONCLUSION

**IT IS HEREBY ORDERED** that Defendant's Motion to Dismiss, (ECF No. 4), is **GRANTED**.

**IT IS FURTHER ORDERED** that Defendant's Motion to Strike, (ECF No. 12), and Plaintiffs' Motion to Amend, (ECF No. 21), are **DENIED as moot**. The Clerk shall enter judgment accordingly and close the case.

**DATED** this ___21___ day of April, 2016.

_____
Gloria M. Navarro, Chief Judge
United States District Court